LITTLEFIELD, *appellant, versus* ASA W. COLE & *ux.*

Of the powers of the Court of Probate, in relation to testamentary trusts.

A testamentary trustee had it in charge by the will to appropriate the income of the estate to the widow of the testator, as she should "require" for the support of herself and children. *Held*, that it is not within the jurisdiction of the Court of Probate to direct what amount the trustee should appropriate for such support.

ELIAB LITTLEFIELD died in March, 1845, leaving a wife and four children. By his will, after giving to his wife (Mrs. Cole, one of the appellees) his homestead for life, and also his household furniture, he bequeathed to her the entire income of his whole estate for her own and her childrens' support; and appointed the appellant *trustee* with directions to hold the whole of his property, (not given to his wife,) in trust for his wife and children, and farther required the trustee to pay over to his said wife the income from the estate as she should require for the support of herself and children, her receipt being his voucher.

Mrs. Cole, with her husband, presented to the Judge of Probate a petition, setting forth that the trustee accepted the trust, and had received large incomes from the estate, and, that he has refused to pay over to her so much of the income as she requires for the support of herself and children; and praying that the trustee may be ordered to pay over to Mrs. Cole such sum for arrearages from the income of the estate

as justly belongs to her, and the income in future or such part thereof as he, the Judge of Probate, might deem just and reasonable.

Upon the hearing before the Judge of Probate, the trustee contended that it is by the will confided wholly to him to adjudge what portion of the income should be appropriated to the support of the family, and that he has appropriated for that purpose all which it was suitable he should do ; and that the Court of Probate has no jurisdiction upon the petition.

The Judge however decreed that the trustee should pay to Mrs. Cole, for her support and that of the children, seven hundred dollars in equal quarter yearly payments until the further order of the Court.

From this decree, the trustee appealed.

D. Goodenow, for the appellant.

N. D. Appleton, for the appellees.

By the provisions of the statute, chap. 111, sect. 12, the Probate Court has concurrent jurisdiction with the S. J. Court in hearing and determining, in equity, all matters relating to testamentary trusts. The power is expressly conferred, and is without limitation.

That section confers certain specific powers upon the Supreme Judicial Court and upon the Judges of Probate, and authorizes them respectively to give such directions, as the case may require, for managing and disposing of the trust fund, subject to any provisions contained in the will. The object of the complaint in this case, was to obtain directions from the Judge of Probate, as to the proper disposition of the income of the estate in the hands of the trustee, and it is the identical case contemplated by that section. If not provided for in that section, the power is clearly given in sect. 13.

The sections are of recent enactment. They were not contained in the statute of 1821, and are intended to confer powers, not before possessed by the Probate Courts, but which might be highly useful for them to have in cases like this.

The Court, after consultation, decided that the Probate

Court had not jurisdiction of the matter presented in the complaint, and ordered that the decree be reversed.